# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** J & B Automotive, Inc. v. Carlos Martinez, et al.

**Case Number:** 04-01130

### Document Information

**Description:** Memorandum Opinion re: [6-1] Motion To Dismiss Adversary Proceeding by Carlos Martinez, Elizabeth Ann Martinez .

**Received on:** 2004-12-30 12:31:50.000

**Date Filed:** 2004-12-30 00:00:00.000

**Date Entered On Docket:** 2004-12-30 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
CARLOS MARTINEZ and
ELIZABETH MARTINEZ,
    Debtors.                              No. 7-04-11751 SA

J & B AUTOMOTIVE, INC.,
    Plaintiff,
v.                                        Adv. No. 04-1130 S

CARLOS MARTINEZ, et al.,
    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss (doc. 6). Defendants are represented by Moore & Berkson, P.C. (George M. Moore and Arin E. Berkson). Plaintiff is represented by Steven M. Torres and Ella J. Fenoglio. For the reasons discussed below, the Court finds the Motion to Dismiss should be granted. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

## FACTS

1. Defendants/Debtors filed their Chapter 7 case on March 11, 2004.

2. The first meeting of creditors was scheduled for April 16, 2004. The deadline for filing dischargeability complaints was June 15, 2004. See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines (docketed in main bankruptcy case March 12, 2004).

3.  On June 14, 2004, J & B Automotive, Inc. (hereafter "Plaintiff") filed an "Objection to Discharge of Debtor" ("Objection") as a pleading in the main bankruptcy case. The Objection states that Plaintiff is a creditor, that Plaintiff "objects to Debtor's [sic] discharge on the grounds of fraud", and requests that the Court not discharge its claim on the basis of fraud.  The Objection does not request an extension of time to file a complaint, nor does it set forth any grounds that would justify an extension.  The Objection does not contain an adversary caption, and the court file does not contain a receipt for a filing fee.
4.  On June 17, 2004, Plaintiff filed this adversary proceeding objecting to discharge of its debt. Defendants move to dismiss because the adversary was not timely filed under Bankruptcy Rule 4007(c).

**DISCUSSION**

1.  Plaintiff's complaint seeks to hold a debt nondischargeable under Sections 523(a)(2)(A), (a)(4), and (a)(6).
2.  Objections to discharge of debts must be filed as adversary proceedings.  See Bankruptcy Rule 7001(6) (A proceeding to determine dischargeability of a debt is an

Page -2-

adversary proceeding.); Bankruptcy Rule 4007(a) (Any creditor may file a "complaint" to obtain a determination of dischargeability.); Bankruptcy Rule 4007(c) (A "complaint" to determine dischargeability of a section 523(c) debt (which includes 523(a)(2), (4) and (6) debts) shall be filed no later than 60 days after the first date set for the first meeting of creditors.)

3. The Objection did not commence an adversary proceeding. See, e.g., Karr v. Pankey (In re Pankey), 122 B.R. 710, 712 (Bankr. W.D. Tenn. 1991), aff'd, 145 B.R. 244 (W.D. Tenn. 1992).

4. Bankruptcy Rule 4007(c) sets forth time limits within which 523(a)(2) debts must be filed. It also provides for an extension of time: "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

5. Bankruptcy Rule 9006(b)(3) reinforces Rule 4007(c)'s time restrictions: "The court may enlarge the time for taking action under Rule[s] ... 3002(c), 4003(b), 4004(a), 4007(c) [and] 8002 ... only to the extent and under the conditions stated in those rules." Compare Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 911 (2004)(discussing

Rule 9006(b)(3)'s restriction of Rule 4004(b)); and compare Taylor v. Freeland & Kronz, 503 U.S. 638, 643 (1992):

> Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30-day period.

6. Bankruptcy Rules 4007 and 9006 are "claim-processing rules." Kontrick, 125 S.Ct. at 914. Claim-processing rules serve three primary purposes:

> First, they inform the pleader, i.e., the objecting creditor, of the time he has to file a complaint. Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits.

Id. at 917.

7. Thus, Kontrick suggests that the Bankruptcy Court's discretion is limited in granting extensions to file complaints objecting to discharge of a debt. Rules 9006(b)(3) and 4007(c) mandate that motions for extension of time may only be granted before the time for filing complaints has run.

8. "Affirmative defense" is defined as "A defendant's assertion of facts and arguments that, if true, will

defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary (8th ed. 2004). Thus, <u>Kontrick</u> also suggests that an untimely filing of a dischargeability complaint is an affirmative defense that will justify dismissal of the complaint.[1]

9. Plaintiff argues that Bankruptcy Courts, as courts of equity, should use their inherent equitable powers to embrace a liberal and flexible approach when applying the Bankruptcy Rules[2]. The Court of Appeals for the Tenth Circuit has ruled otherwise:

> Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts. Rules 4004(b) and 4007(c) provide that this deadline may only be

---

[1] <u>Kontrick</u> held that the time limits for filing an adversary proceeding objecting to the debtor's discharge were not "jurisdictional"; <u>i.e.</u>, the debtor could forfeit the affirmative defense of untimely filing by failing to raise it before the trial court decided the merits of the action against the debtor. <u>Id</u>. at 917-18. In this adversary proceeding, Defendants have immediately raised the defense.

[2] "Whether the Rules, despite their <u>strict limitations</u>, could be softened on equitable grounds is therefore a question we do not reach." <u>Kontrick</u>, 126 S.Ct. at 916 (Emphasis added, footnote omitted.) Therefore, equitable grounds may be relevant. However, the mere allegation of the substance of the complaint; <u>to wit</u>, that Defendant defrauded Plaintiff, would not in itself constitute such an equitable ground. See <u>Cablevision Systems Corp. v. Malandra (In re Malandra)</u>, 206 B.R. 667, 672 (Bankr. E.D. N.Y. 1997).

Page -5-

> extended for cause, after a hearing, if a motion
> is made before expiration of the sixty days.
> Finally, Rule 9006(b)(3) provides that a "court
> may enlarge the time for taking action under
> Rules ... 4004(a) [and] 4007(c) ... only to the
> extent and under the conditions stated in those
> rules." Together, these rules prohibit a court
> from sua sponte extending the time in which to
> file dischargeability complaints. This circuit
> has strictly construed such deadlines, holding
> that a Chapter 7 creditor with actual notice of
> a bankruptcy is bound by the sixty-day limit
> even if no formal notice of the deadline is
> received.

Themy v. Yu (In re Themy), 6 F.3d 688, 689 (10th Cir. 1993). (Citations omitted.) See also Kontrick, 124 S.Ct. at 916 (Characterizing claim-processing rules as having "strict limitations.") The Court therefore will decline Plaintiff's invitation to use its inherent equitable power to extend the time for filing after the fact.[3]

10. Plaintiff also argues that the complaint should be considered timely due to excusable neglect. Even if Plaintiff had alleged circumstances constituting

---

[3] Plaintiff's citations to Chase Manhattan Bank, N.A. v. Sturgis (In re Sturgis), 46 B.R. 360 (Bankr. W.D. Okla. 1985) and In re Kellogg, 41 B.R. 836 (Bankr. W.D. Okla. 1984) are not to the contrary. In both those cases a motion for extension of time was timely filed. In both cases the issue was whether there was sufficient cause such that the motions should be granted. And, furthermore, in Sturgis the Court specifically stated that it would have the discretion to grant a motion for extension "but only if the motion was made before such time has expired." 46 B.R. at 362.

Page -6-

Case 04-01130-s    Doc 16    Filed 12/30/04    Entered 12/30/04 14:09:00 Page 7 of 12

excusable neglect, which he has not done, that doctrine does not apply in this situation. "Excusable neglect" appears in Bankruptcy Rule 9006(b)(1), which limits its application "[e]xcept as provided in paragraphs (2) and (3)." Rule 9006(b)(3) limits extensions for filing complaints objecting to dischargeability to those conditions set forth in Rule 4007(c), which does not allow untimely motions. See Jones v. Arross, 9 F.3d 79, 81 (10th Cir. 1993). See also Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.), 920 F.2d 1428, 1432 (9th Cir. 1990)(court cannot extend deadline for filing claims under Rule 3002(c) for excusable neglect); Aspect Technology of Plano, Texas v. Simpson (In re Simpson), 215 B.R. 885, 886 (10th Cir. B.A.P. 1998)("Excusable neglect" is a term used in Bankruptcy Rule 9006(b)(1), but that rule does not apply to Rule 8002. Extensions of time under Rule 8002 may only be granted under the terms and conditions set forth in Rule 8002 itself, pursuant to Rule 9006(b)(3)). Therefore, the Court cannot apply the theory of excusable neglect to allow the late filing.

11. Plaintiff also urges the Court to use Section 105(a) to obtain the result it seeks. That section reads:

> The court may issue any order, process, or judgment that is necessary or appropriate to

Case 04-01130-s    Doc 16    Filed 12/30/04    Entered 12/30/04 14:09:00 Page 8 of 12

> carry out the provisions of this title. No
> provision of this title providing for the
> raising of an issue by a party in interest shall
> be construed to preclude the court from, sua
> sponte, taking any action or making any
> determination necessary or appropriate to
> enforce or implement court orders or rules, or
> to prevent an abuse of process.

Plaintiff has not alleged waiver, estoppel or equitable tolling[4]. In fact, Plaintiff has not alleged anything that would suggest that the Court should use section 105, other than the suggestion that its debt may have been obtained by fraud. This is insufficient. See In re Malandra, 206 B.R. at 672 ("Clearly, the mere fact that the Debtor may have committed an intentional wrong that could, if properly presented, be declared non-dischargeable ... is not the sort of equitable consideration contemplated", citing In re Benedict, 90 F.3d 50 (2d Cir. 1996)). Compare Themy, 6 F.3d at 90 (court may use Section 105 to correct its own errors);

---

[4] Possibly, the "harsh consequences" of federal statutes of limitations may be avoided if the guilty party has affirmatively concealed facts or if the injured party is unaware of fraud through no fault of his own. See Taylor, 503 U.S. at 647 (Stevens, J., dissenting.) Neither of these situations is present here. Plaintiff claimed fraud before the Rule 4007(c) deadline. See also Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995)(Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights.)(Citation and internal punctuation omitted.)

Case 04-01130-s   Doc 16   Filed 12/30/04   Entered 12/30/04 14:09:00 Page 9 of 12

Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 632-33 (6th Cir. 1994)(same). And compare Carlisle v. United States, 517 U.S. 416, 421 (1996):

> Federal Rule of Criminal Procedure 45(b) provides that whereas certain untimely acts may be accorded the validity upon a showing of excusable neglect, "the court may not extend the time for taking any action under Rul[e] 29 ... except to the extend and under the conditions stated in [the Rule.]" These Rules are plain and unambiguous. If, as in this case, a guilty verdict is returned, a motion for judgment of acquittal must be filed, either within seven day of the jury's discharge, or within an extended period fixed by the court during that 7-day period. There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error.

See also Landsing Diversified Properties-II v. First Nat'l Bank and Trust Co. of Tulsa (In re Western Real Estate Fund, Inc.), 922 F.2d 592, 601 (10th Cir. 1990)(Bankruptcy Court may not exercise equitable powers of section 105 in a manner that is inconsistent with other, more specific provisions of the Bankruptcy Code.); Towers v. Boyd (In re Boyd), 243 B.R. 756, 761-62 (N.D. Cal. 2000)(Bankruptcy Court may not use 105 to circumvent Rule 4003's and Rule 9006's clear directives.)

Case 04-01130-s    Doc 16    Filed 12/30/04    Entered 12/30/04 14:09:00 Page 10 of 12

12. Plaintiff also cites <u>Sheftelman v. Standard Metals Corporation</u>, 839 F.2d 1383 (10th Cir. 1987), <u>cert. dismissed</u> 488 U.S. 881 (1988), for the proposition that the Court can rely on Section 105 to allow the filing to relate back. <u>Sheftelman</u>, however, permitted bondholders to file claims and vote on the chapter 11 plan despite having missed the deadline because they had received no notice to begin with. <u>Id.</u> at 1386-87.

13. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." <u>Taylor</u>, 503 U.S. at 644. In this case, Plaintiff did not timely file an adversary proceeding or timely request an extension of time to file one. Therefore, it cannot now deprive Defendants of the benefit of their discharge.

14. Although cited by neither party, <u>International State Bank v. Fresquez (In re Fresquez)</u>, 167 B.R. 973 (Bankr. D. N.M. 1994) allowed relation back of complaint under Section 727(e). In light of <u>Taylor</u> and <u>Kontrick</u>, the Court disagrees with the continuing validity of <u>Fresquez</u>.

**<u>ORDER</u>**

For the reasons set forth above, the Defendants' Motion to Dismiss is granted.

IT IS ORDERED that this case is dismissed with prejudice.

_(signature)_

        Honorable James S. Starzynski
        United States Bankruptcy Judge

I hereby certify that on December 30, 2004, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Stephen M. Torres
3700 Coors Blvd NW Ste F
Albuquerque, NM 87120-1405

Arin Berkson
PO Box 216
Albuquerque, NM 87103-0216

_James E. Burke_

Page -11-

Case 04-01130-s    Doc 16    Filed 12/30/04    Entered 12/30/04 14:09:00 Page 12 of 12